UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE LEAF CLEANING, INC.

                Plaintiff,

- v. -

SONDER HOSPITALITY USA, INC.

                Defendant.

CIVIL ACTION NO.: 1:22-cv-07462-JHR

~~(PROPOSED)~~ ORDER GRANTING IN PART MOTION FOR COSTS AND FEES

This case is before the Court on the November 4, 2024 Motion for Fees and Costs filed by Defendant Sonder Hospitality USA, Inc. ("Sonder"). ECF No. 70. On November 18, 2024, Plaintiff Rose Leaf Cleaning, Inc. ("Rose Leaf") indicated that it did not oppose Sonder's request for fees and costs. *See* ECF No. 74. Having reviewed the submissions of Sonder and Rose Leaf it is hereby:

ORDERED, that Sonder's Motion for Fees and Costs is GRANTED IN PART;

ORDERED, that Sonder is entitled to recover the fees and costs it incurred in defending this matter; and it is further

ORDERED, that Rose Leaf shall pay the sum of $266,817.96, which represents the costs ($6,049.46) and attorney's fees ($260,768.50) that Sonder incurred in defending this case.~~; and it is further~~

~~ORDERED, that Rose Leaf shall pay prejudgment interest at the rate of 9% on the sum of $266,817.96 from August 26, 2024, to the date on which Rose Leaf pays Sonder.~~

~~Dated:~~ _____

                                                               _____
                                                               ~~Jennifer H. Rearden, U.S.D.J.~~

Defendant is not entitled to prejudgment interest on attorneys' fees and costs. "In a diversity case such as this one, state law governs the award of prejudgment interest." *Koziar v. Blammo, Ltd.*, 759 F. Supp. 3d 543, 554 (S.D.N.Y. 2024) (citing *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008)). In its August 26, 2024 Opinion & Order, the Court ruled that "California law applie[d] to Counts I and II of the Amended Complaint, for breach of express and implied contract, respectively," ECF No. 67 at 10, and that "New York law [applied] to [Rose Leaf's tort] claims," *id.* (second alteration in original). Prejudgment interest is not available here under either California law or New York law.

"The Court notes that the [Sonder Housekeeping Services Agreement, dated as of November 22, 2021, (the "Agreement")] does not provide for payment of prejudgment interest on the attorney's fees award." *Sentry Ins. A Mut. Co. v. Am. Nat'l Fire Ins. Co.*, No. 05 Civ. 5015 (SVW), 2007 WL 9705855, at *4 (C.D. Cal. Apr. 13, 2007) (declining to award prejudgment interest on attorneys' fees); see ECF No. 28-1 (Agreement). Pursuant to California law, "[a]bsent an explicit [provision providing for prejudgment interest], the Court looks to California Civil Code § 3287(a)." *Sentry*, 2007 WL 9705855, at *4. Although "Section 3287(a) provides that prejudgment interest may be awarded for damages[,][t]he Ninth Circuit has stated that costs and attorney's fees are not damages." *Id.* (internal quotation marks and citation omitted). Because the Agreement provides that the "non-prevailing party. . . shall pay all costs and expenses," Agreement at 15.16, the "costs and attorney's fees" on which Defendant seeks prejudgment interest "are not damages." *Sentry*, 2007 WL 9705855, at *4; *see also Instrumentation Lab'y Co. v. Binder*, No. 11 Civ. 965 (DMS), 2013 WL 12049072, at *8 (S.D. Cal. Sept. 18, 2013), *aff'd*, 603 F. App'x 618 (9th Cir. 2015) ("[B]ecause the attorneys' fee[s] clause in the SPA contemplates an action to enforce the indemnity obligation, such fees and costs are not damages, but are recoverable as prevailing party fees. [Plaintiff]'s request for prejudgment interest on its award of attorneys' fees and costs is therefore denied." (internal quotation marks and citations omitted)). Thus, "the Court finds that prejudgment interest should not be awarded." *Sentry*, 2007 WL 9705855, at *4.

Under New York law, "interest may only be added to a contractual award of attorneys' fees if explicitly provided for in the agreement." *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00 Civ. 2474 (AGS) (JCF), 2001 WL 1842042, at *9 (S.D.N.Y. May 30, 2001), *report and recommendation adopted*, No. 00 Civ. 2474 (AGS) (JCF), at ECF No. 66 (S.D.N.Y. June 15, 2001). As previously explained, the Agreement does not "provide[] for" interest, *id.*, in the attorneys' fees provision at Section 15.16 or otherwise. *See* Agreement.

Dated: September 4, 2025

_____
Jennifer H. Rearden, U.S.D.J.